Mr. Justice NELSON,
after stating the chief facts, delivei’ed the opinion of the court: "
The only question of any difficulty in the case, is whether or not the collector has the power to order a reappraisement of goods imported, after one appraisement, and permit of delivery to the importer, and the actual delivery of the same ?
The act of 2d May, 1830, authorizes the collector to order a reappraisement, either by the principal appraisers or by three merchants, &c. The board of officers to make the *383 examination and appraisal of the goods imported may have been changed, bnt this power of the collector remains unaltered.
It is true, that the appraisal and ascertainment of the dutiable value of the goods are made final and conclusive both upon the importer and the government. But the question still remains, what appraisal or ascertainment of the value is to be regai’ded as final ? It is admitted, if the appraisal was infected with fraud or imposition, it could not be, and the collector would not only be justified, but it would be his duty to order reappraisement, even under the circumstances in which the present one was made.
The interest of the government, as well as a proper regard for the rights of the honest importer, require it. And it seems to us but reasonable, if, from neglect or want of proper evidence or information, on the part of the appraisers, the appraisal be under the proper dutiable value, this power of the collector should be permitted to correct the error. It is true, the exercise of it is usually, and doubtless with few exceptions, previous.to the permitió deliver the goods; and must be so, generally, in order to be effective. But the act of Congress conferring the power on the collector, fixes no limit to the period within which it may be exercised, and we think a reasonable discretion should be allowed him.
We see no hardship to the importers in giving a liberal .interpretation to this power; for, in practice and in point of fact, the permit has become more a matter of form than of substance. ■ The bulk of the goods are usually delivered in the hands of the importer on their arrival, and previous to the permit under the delivery bond; and though, as a mere question of law, the collector doubtless possesses the power to recall the goods, yet he usually looks to the bond for the security of the duties.
It is not denied but that the goods found in the warehouse of the importer and reappraised were the same that had been entered at the customs, and from which packages had been selected for examination, and we think it would be too limited and rigorous a construction of the power of the *384 collector to hold that, under the circumstances of the case, he was not authorized to make the order complained of. If the goods had passed beyond the reach of the collector, a different question might have been presented. We express no opinion upon such a case.
It has been argued that the reappraisal was not made by the proper officers. The answer is, that, although the protest is quite voluminous, this objection is not specified. If it had been, it doubtless would have been answered by the proofs.
It is further argued, that the appraisal was not made as of the market value of the principal markets of the country from whence the wool was imported. The answer is, the appraisement is conclusive upon this fact, and the court cannot go behind it. The remedy is an appeal by the importers to the merchant appraisers.
It is further said, the date of the period of exportation was not the time adopted by the appraisers in ascertaining the dutiable value. This is a misapprehension. The report of the appraisers, indorsed on the invoice, confines the appraisal at date of exportation.
Judgment affirmed.